# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

SAEED ISHMAEL NURIDEEN,

    Plaintiff,

v.      CIVIL ACTION NO.:CV514-41

WARE STATE PRISON MEDICAL
DEPARTMENT, WARE STATE PRISON
WARDEN, FNU HART, ROBERT TOOLE,
GLEN JOHNSON, J. RECTOR,
J. JAMIKOWSKI, DOCTOR FERRELL (MALE),
DOCTOR FERRELL (FEMALE), DOCTOR
TESFAYE, MS. BRADY, AND MS. MCCRAY,

    Defendants.

## ORDER

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. For the reasons set forth below, Plaintiff's Motions to Preserve Court's Review of Claims and for Supplemental Jurisdiction, dkt. nos. 30, 31, are **DENIED**. For these same reasons, Plaintiff's Complaint is **DISMISSED**, without prejudice.

BACKGROUND

Plaintiff was permitted to proceed *in forma pauperis*, and the Magistrate Judge conducted the requisite frivolity review

pursuant to 28 U.S.C. § 1915A. Dkt. Nos. 3, 9. The Magistrate Judge noted Plaintiff only named "Ware State Prison Medical Department" and "Ware State Prison Warden" as Defendants, and Plaintiff failed to set forth viable claims for relief. The Magistrate Judge recommended Plaintiff's Complaint be dismissed based on Plaintiff's failure to state a viable claim pursuant to Section 1983. Dkt. No. 9. In response, Plaintiff filed a Motion to Amend/Correct his Complaint and a Motion for Extension of Time to Provide Proper Names of Defendants. Dkt. Nos. 12, 13. The Magistrate Judge granted these Motions, provided Plaintiff with thirty (30) days in which to file any additional desired amendment, and directed the Clerk of Court to add FNU Hart, Robert Toole, Glen Johnson, J. Rector, J. Janikowski, Dr. Ferrell (male), Dr. Ferrell (female), Dr. Tesfaye, Ms. Brady, and Ms. McCray as Defendants upon the docket of this case. Dkt. No. 15. The Magistrate Judge also permitted Plaintiff to amend certain portions of his original Complaint. Dkt. No. 22.

The Magistrate Judge then conducted another frivolity review of Plaintiff's claims, which he summarized as follows:

> In his Amended Complaint, Plaintiff asserts that he accepted Defendant Ferrell's (male) offer to provide medical treatment on May 14, 2011. Plaintiff also asserts that he had an asthma attack on March 26, 2012, and Defendants Rector and Jankowski (sic) intentionally hindered his ability to obtain treatment Defendant Ferrell (female) prescribed for him. Plaintiff asserts that Defendant Hart, who was the warden at the time, became aware of the situation

2

through the grievance process and did nothing. Plaintiff contends that he had another asthma attack on April 19, 2013, and Defendant McCray refused to provide medical treatment until she was ordered to do so by nonmedical personnel. Plaintiff also contends that Defendant Toole, who was the warden at that time, received his grievance concerning this matter and failed to act. Plaintiff alleges that Defendant Tesfaye changed his medications without his consent on March 19, 2014. On this same date, Plaintiff alleges, Defendant Brady refused his request to arrange a consult with a doctor. Finally, Plaintiff alleges that Defendant Johnson, the current warden, was presented with these concerns and failed to act.

Dkt. No. 23, p. 2. The Magistrate Judge noted that, although Plaintiff's claims appeared to share a common legal foundation (specifically, deliberate indifference to serious medical needs), he failed to show his claims are related to each other, as the events he set forth were separate incidents too remote in time from each other to be related. Id. at pp. 2-3. The Magistrate Judge directed Plaintiff to advise the Court as to which claim he wished to pursue in this cause of action and to file separate complaints regarding the other three (3) incidents detailed in his Amended Complaint. The Magistrate Judge also advised Plaintiff his failure to file a proper response to the Order could result in the dismissal of his entire cause of action. Id. at p. 3.

Plaintiff then filed a Motion for Leave to join a conspiracy claim to his Complaint, along with a supporting affidavit. Dkt. Nos. 24, 26. The Magistrate Judge granted

Plaintiff's Motion, but only to the extent Plaintiff's contentions would be considered during the frivolity review of Plaintiff's claims. Dkt. No. 29. Plaintiff was advised once again that his claims are unrelated and was once again directed to inform the Court of which claim he wanted to pursue in his cause of action. Plaintiff was advised again that his failure to respond to that Order in a proper manner may result in the dismissal of his entire cause of action. Id. at p. 2.

In response to the Magistrate Judge's directives, Plaintiff has filed a Motion to Preserve Court's Review of Claims, a Motion for Supplemental Jurisdiction, and an Affidavit in Support of Expert Opinion. Dkt. Nos. 30, 31, 32. Plaintiff's Motions contain no factual allegations or anything more than passing mentions of citations to law. Without more, Plaintiff's Motions are **DENIED**.

The Court notes Plaintiff's affidavit used in support of his previously-filed motion to add conspiracy claim. In this affidavit, Plaintiff asserts all named Defendants "conspired in acting deliberately indifferent" to his serious medical needs. Dkt. No. 26, p. 2. Plaintiff maintains Defendants should be joined in this cause of action "due to a series of occurrences arising from the same single transaction/contract." Id. Plaintiff states the "contract" began on May 14, 2011, and he describes "a series of occurrences/claims which infers (sic)

AO 72A
(Rev. 8/82)

Defendants[']conspiracy[.]" Id. Plaintiff continues and says he "desires to present prima facie evidence of Defendants['] conspiracy[.]" Id. Plaintiff makes no further contentions regarding his claim that Defendants conspired together to be deliberately indifferent to his serious medical needs.

**DISCUSSION**

As the Magistrate Judge explained in his Report and Recommendation, in any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must screen the complaint for cognizable claims before or as soon as possible after docketing. Dkt. No.. 9 at pp. 1-2. The Court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must

allege that the act or omission was committed by "a person acting under color of state law." Id.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). However, this liberal construction "does not give a court license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted).

A conspiracy "to violate another person's constitutional rights violates section 1983." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that the defendants "'reached an understanding to violate [his] rights.'" Id. (quoting Strength

v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)). Plaintiff's allegations fail to meet this standard. His Complaint makes nothing more than a bare assertion that Defendants conspired together, which is an insufficient basis of liability under Section 1983. Plaintiff fails to assert that any of the named Defendants had a meeting of the minds or otherwise made an agreement to violated Plaintiff's constitutional rights. Plaintiff's conclusory allegation that Defendants conspired to violate his rights is insufficient to state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. at 555. For these reasons, Plaintiff's conspiracy claims are **DISMISSED**.

Because Plaintiff's conspiracy claims are dismissed, he has not shown a causal connection between his separate allegations of alleged deliberate indifference to his serious medical needs. Despite being instructed by the Magistrate Judge on more than one occasion to make clear what allegations he seeks to pursue through this action, Plaintiff has failed to do so. Plaintiff's claims are unrelated, and, therefore, the Court will not allow the joinder of them in one action.. FED. R. CIV. P. 20(a)(A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").

Put simply, after having been given every opportunity to do so, Plaintiff has failed to comply with the Rules of Civil Procedure and with this Court's Orders. <u>Giles v. Wal-Mart Distrib. Ctr.</u>, 359 F. App'x 91, 93 (11th Cir. 2009) ("Even a pro se litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so."). Consequently, Plaintiff's Complaint is **DISMISSED**, without prejudice.

CONCLUSION

Plaintiff's Motions to Preserve Court's Review of Claims and for Supplemental Jurisdiction are **DENIED**. Dkt. Nos. 30, 31. Plaintiff's conspiracy claims against all Defendants are **DISMISSED**. Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983 and as amended, is **DISMISSED**, without prejudice. Should Plaintiff wish to pursue the claims set forth in his Complaint in this Court, he may do so by filing separate causes of action for each unrelated instance of alleged deliberate indifference to his serious medical needs.

**SO ORDERED**, this 5 day of May, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA